# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN CORNELL,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS *Northeast Las Vegas VA Clinic*,<br><br>    Defendant. | Case No. 2:23-cv-00245-RFB-NJK<br><br>**ORDER** |

      Before the Court is the United States Department of Veterans Affairs' ("USDVA") Motion to Dismiss (Electronic Court Filing ("ECF") No. 5). For the reasons below, the motion is granted in part and denied in part; this matter is dismissed without prejudice for want of subject matter jurisdiction.[1]

    **I.    FACTUAL ALLEGATIONS**

      The following allegations are taken from the Complaint. Brian Cornell is a veteran who has used the Post 9/11 G.I. Bill to seek education. When G.I. Bill funding ran out, he contacted the Northeast Las Vegas Veterans Affairs ("VA") Clinic homeless prevention program because he was concerned that he and his family may become homeless. A VA caseworker informed Mr. Cornell that he did not qualify for assistance because he was motivated, in school, looking for

---

[1] Because Mr. Cornell is proceeding *pro se* (that is, representing himself), the Court notes for his benefit that this dismissal is "without prejudice" as opposed to "with prejudice." A dismissal with prejudice would prevent a claim from being filed again. A dismissal without prejudice does not prevent re-filing in a court that has jurisdiction to hear the claim. As discussed below, the United States Court of Federal Claims rather than Nevada state court or the Federal District Court, appears to be the only proper venue for Mr. Cornell's claims.

work, and that his wife received a disability payment. Subsequently, Mr. Cornell and his family went homeless. During that time, Mr. Cornell repeatedly visited the VA and, eventually, was placed in transitional housing. The VA did not pay rent on the balance accrued and Mr. Cornell and his family were evicted. Mr. Cornell represents that the VA refuses to house him and his family, document falsehoods, and colludes to create evictions.

## II. PROCEEDURAL HISTORY

On January 25, 2023, Mr. Cornell filed the Complaint in the Eighth Judicial District Court for Clark County, Nevada. ECF No. 1. In the Complaint Mr. Cornell alleges a breach of contract claim against the VA for failing to pay his rent on two occasions. Id. Because Mr. Cornell brought the case against an agency of the United States in Nevada state court, the United States was entitled to remove the matter from Nevada state court to the United States District Court for the District of Nevada. 28 U.S.C. § 1442(a)(1). On February 15, 2023, the United States did so, filing the Petition for Removal. ECF No. 1. On March 16, 2023, the United States filed a Motion to Dismiss seeking dismissal for, among other things, a lack of subject matter jurisdiction. ECF No. 6. Mr. Cornell did not file an opposition and, to date, has not appeared in the removed federal action.[2] The Court's order follows.

## III. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows for a defendant to move the court to dismiss a complaint for a lack of subject matter jurisdiction. Simply put, subject matter jurisdiction is the power of a court to hear the matter before it. Lightfoot v. Cendant Mortg. Corp., 580 U.S. 82, 91-92 (2017). If subject matter jurisdiction is challenged, the burden is on the party asserting jurisdiction to establish it. In re Dynamic Random Access Memory Antitrust Litigation, 546 F.3d 981, 984 (9th Cir. 2008) (citations omitted). Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. Id. at 984-85. The party asserting diversity

---

[2] Under Local Rule 7-2(d) the failure of an opposing party to file points and authorities in response to any motion, except for a motion for summary judgement or attorney's fees, constitutes consent to granting that motion.

jurisdiction is required only to allege, and not prove, diversity at the pleading stage. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir.2001) (holding that "failure to specify state citizenship was fatal to [an] assertion of diversity jurisdiction").

### IV.   DISCUSSION

The Court now turns to the motion to dismiss. Among other arguments,[3] Defendant USDVA argues the Court lacks subject matter jurisdiction over this matter. In support of this contention, USDVA contends that this claim falls within the United States Court of Federal Claims exclusive subject matter jurisdiction.

The Court agrees with Defendant USDVA. It is settled law in this circuit that the Tucker Act, 28 U.S.C. § 1491(a), and the "Little Tucker Act," 28 U.S.C. § 1346(a)(2), together "provide jurisdiction *solely* in the Court of Federal Claims for [breach of contract] claims seeking more than $10,000 in damages." Tritz v. U.S. Postal Serv., 721 F.3d 1133, 1137 (9th Cir. 2012) (italics original) (quoting McGuire v. United States, 550 F.3d 903, 910-11 (9th Cir. 2008)). One exception to this general rule is where Congress has specifically provided for another court to have authority to hear these claims. Bowen v. Massachusetts, 487 U.S. 879, 910 n.48 (1988). The Tucker Act covers actions against the United States and its agencies. Hewitt v. Grabicki, 794 F.2d 1373, 1382 (9th Cir. 1986) (affirming a Tucker Act dismissal for a breach of contract claim against the VA). The Complaint is clear that Mr. Cornell is seeking twenty million dollars, plus interest, for breach of contract. Therefore, the Court lacks subject matter jurisdiction over the case because the United States Court of Federal Claims has exclusive jurisdiction over the breach of contract claim in this matter.

///

///

---

[3] Defendant also argue that Mr. Cornell has failed to plead a breach of contract action under Nevada law and that service was not properly completed. See Fed. R. Civ. Pro. 12(b)(5), (b)(6). Because subject matter jurisdiction is a threshold issue and without subject matter jurisdiction, a court generally may not consider other aspects of a case, the Court does not address USDVA's other arguments for dismissal. Bibiano v. Lynch, 834 F.3d 966, 971 n.4 (9th Cir. 2016); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

## V. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss (ECF No. 5) is **GRANTED in part and DENIED in part.** The motion is granted as far as it concerns a lack of subject matter jurisdiction and is denied in all other respects.

**IT IS FURTHER ORDERED** that the Complaint (ECF No. 1-2) is **DISMISSED** without prejudice. The Clerk of Court is instructed to close this case.

**IT IS FURTHER ORDERED** that the Clerk of Court will provide a copy of this Order to Mr. Cornell via email at the email address in his Complaint (ECF No. 1-2) and first class mail to the address on file.

**DATED:** March 7, 2024.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**